· No. 1810.—HEIRS OF J. W. WILDER *v.* HENRY C. PETTY.

H. C. Petty and the heirs of Wilder held property in common, on which a mortgage existed in favor of the Citizens' Bank. The heirs brought suit and obtained a partition in kind, which was executed before a notary public. The heirs then, through their tutrix, having obtained the consent of the bank, moved for a division of the encumbrance, and obtained the permission to sign the necessary stock note in favor of the bank. The tutrix afterwards refused to sign the note. Held—That she was properly compelled by judgment, on rule, to sign the note, and that evidence was inadmissible, on trial of the rule, to show the condition of a partnership which had existed between their ancestor, Wilder, and the defendant, Petty, of which Petty was liquidator.

APPEAL from the Second District Court of New Orleans. *Thomas, J. Race, Foster & E. T. Merrick,* for plaintiffs and appellants. *T. A. Bartlette,* for defendant and appellee.

HOWE, J. The plaintiffs sued the defendant for the partition of certain real property held by them in common. Judgment was rendered that the property be divided in kind, and a partition was accordingly made before a notary, and as the defendant drew the more valuable portion, he paid to plaintiffs, in cash, a sum sufficient to equalize the shares, and an act was duly signed and homologated.

A mortgage rested on the whole property in favor of the Citizens' Bank to secure a note given for a loan, and renewable, according to the charter, upon stock of the bank. It seems that the bank consented that this debt should be divided; and, upon her own motion, the tutrix obtained permission to sign the necessary stock note. For some reason, which is not apparent, she afterwards declined to sign the acts necessary to divide the debt, and the defendant, Petty, took a rule to compel the signature. The rule was made absolute, and the plaintiff in the suit appealed.

Upon the trial of the rule the plaintiffs, defendants on rule, reserved a bill of exceptions to the exclusion by the judge of testimony offered by them in reference to the condition of the partnership which had existed between the decedent, Wilder, and the defendant, Petty, of which Petty was liquidator. The judge did not err in this ruling, as the property partitioned did not appear to form any part of the partnership assets.

Nor do we perceive any error in the judgment on the merits of the rule. The division of the encumbrance appears to be, in this case, at least, a natural and just sequel to the partition in kind, provoked by the appellants themselves, and necessary to complete it in such manner as to fully secure the rights of the minors as well as those of the defendant.

It is therefore ordered that the judgment appealed from be affirmed with costs.